1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11    SERAFIN LEON,                    )      No. C 10-03604 JW (PR)
                                       )
12               Petitioner,           )      ORDER OF DISMISSAL
                                       )
13    vs.                              )
                                       )
14                                     )
      MATTHEW CATE,                    )
15                                     )
                 Respondent.           )
16                                     )
                                       )
17

18          Petitioner, a California inmate currently incarcerated at Pelican Bay State
19    Prison in Crescent City, filed a pro se petition for a writ of habeas corpus pursuant to
20    28 U.S.C. § 2254. On January 31, 2011, the Court dismissed the instant action for
21    failure to pay the filing fee. On April 22, 2011, the Court granted Petitioner's
22    motion for reconsideration and reopened the action. (Docket No. 7.) For the
23    reasons discussed below, the instant petition will be dismissed.
24
25                              **BACKGROUND**
26          According to the petition, petitioner was found guilty in the Superior Court of
27    the State of California in and for the County of Los Angeles, and sentenced to 27
28    years to life in state prison on February 6, 1989. (Pet. at 2.)

Order of Dismissal
P:\PRO-SE\SJ.JW\HC.10\Leon03604_dism-hc-cr.wpd

1    Petitioner filed habeas petitions in the state courts, with the California

2    Supreme Court denying review on March 10, 2010. (Id. at 5.) Petitioner filed the

3    instant federal habeas petition on August 16, 2010.

4

5                                    **DISCUSSION**

6    Petitioner challenges his placement in the prison's Security Housing Unit

7    ("SHU") without due process of law, which Petitioner alleges resulted in the

8    "automatic disqualification for parole suitability and thus parole denial." (Pet. at 2-

9    3.) Petitioner states that he "does not challenge his conviction or sentence but rather

10   Respondent's unlawfully placing Petitioner in segregated confinement which

11   renders Petitioner unsuitable/ineligible for parole." (Id. at 3.)

12   It is well established in this circuit that "habeas jurisdiction is absent, and a §

13   1983 action proper, where a successful challenge to a prison condition will not

14   necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859

15   (9th Cir. 2003). The preferred practice in the Ninth Circuit also has been that

16   challenges to conditions of confinement should be brought in a civil rights

17   complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action

18   is proper method of challenging conditions of confinement); Crawford v. Bell, 599

19   F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on

20   basis that challenges to terms and conditions of confinement must be brought in civil

21   rights complaint). Here, Petitioner's claim that he is being unconstitutionally

22   confined in the SHU, if successful, would not necessarily entitle him to earlier

23   release as he may still be found unsuitable for parole while confined elsewhere.

24   Accordingly, the petition goes entirely to the conditions of his confinement, and

25   success in this action would not necessarily affect the duration of his confinement.

26   Although a district court may construe a habeas petition by a prisoner

27   attacking the conditions of his confinement as a civil rights action under 42 U.S.C. §

28   1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the Court declines to

Order of Dismissal
P:\PRO-SE\SJ.JW\HC.10\Leon03604_dism-hc-cr.wpd          2

do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief.

Additionally, there is doubt whether the prisoner is willing to pay the $350.00 civil action filing fee to pursue his claims. While a prisoner may think he has found a loophole that allows him to avoid paying the $350.00 filing fee by filing in habeas, the loophole proves unhelpful because he ultimately cannot proceed in habeas and will be charged the $350.00 filing fee to proceed with actions challenging conditions of confinement. It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

For the foregoing reasons, this action for a writ of habeas corpus is DISMISSED without prejudice to petitioner filing a civil rights action under 42 U.S.C. § 1983, preferably using the court's civil rights complaint form, after he has exhausted California's prison administrative remedies. See 42 U.S.C. § 1997e(a).

The clerk is instructed to include two copies of the prisoner civil rights complaint form to petitioner with a copy of this order.

DATED: _May 10, 2011_

JAMES WARE
United States District Chief Judge

Order of Dismissal
P:\PRO-SE\SJ.JW\HC.10\Leon03604_dism-hc-cr.wpd

3

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SERAFIN LEON,

Plaintiff,

v.

MATTHEW M. CATE et al,

Defendant.

_____/

Case Number: CV10-03604 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 11, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Leon Serafin E-09774
Pelican Bay State Prison
P. O. Box 7500
Crescent City, CA 95532

Dated: May 11, 2011

Richard W. Wieking, Clerk

Susan Imbriani

By: Susan Imbriani, Deputy Clerk